UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-CV-60582-DIMITROULEAS/ROSENBAUM

VASILIOS TSELONIS, *et al.*,

    Plaintiffs,

v.

BILLY'S STONE CRABS, INC.,
and WILLIAM HERSHEY,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Compel Interrogatory Responses and Document Responses from the Corporate Defendant. [D.E. 72]. The Court has considered Plaintiff's Motion, Defendant's Memorandum in Opposition [D.E. 75], Plaintiff's Reply [D.E. 76], and Court file.

Plaintiff complains that Defendant has provided insufficient responses to Plaintiff's Interrogatories and to Plaintiff's First Request for Production.[1] Essentially, Plaintiff expresses displeasure because Plaintiff provided new defense counsel with additional time to respond to Plaintiff's discovery requests. When new defense counsel responded, he made a preliminary statement of general objections and referred Plaintiff to various documents Defendant indicated he

---

[1] The Court notes that Plaintiff refers in his Motion to seeking information concerning each of the thirteen Plaintiffs currently involved in this case. Nevertheless, Plaintiff appears to file his Motion on behalf of himself only, describing the Motion to Compel as "Plaintiff's" Motion to Compel. Consequently, the Court will continue to refer to the Motion as though filed by Plaintiff Tselonis only.

would make available to Plaintiff to review, instead of "succinctly and fairly" responding to each aspect of every interrogatory. *See* D.E. 72. Additionally, Plaintiff asserts that written responses Defendant provided to interrogatories were insufficient.

In response, Defendant asserts that it has fully and completely responded to each and every interrogatory and production request and that the documents upon which it has relied to respond to the interrogatories sufficiently answer the interrogatories at issue. Moreover, Defendant argues, Plaintiff has not taken advantage of the opportunity to review the documents Defendant has made available, so Plaintiff cannot really know whether Defendant has failed to provide a complete response to each of the discovery requests.

The Court first notes that the preliminary statement of general objections appearing at the beginning of Defendant's Supplemental Response to Plaintiff's First Set of Interrogatories [D.E. 72, Ex. E] does not comply with Local Rule 26.1.G, S.D. Fla.[2] The Court understands Defendant to have indicated in its Opposition, however, that despite making its preliminary statement of general objections, Defendant has, nevertheless, provided complete responses to the discovery requests and has not withheld any information on the basis of any of the generally stated objections. *See, generally,* Defendant's Opposition.

Because, as a practical matter, Defendant has effectively not objected to the discovery requests, the only remaining question regards the sufficiency of Defendant's answers to the requests. With respect to Defendant's reference to documents to respond to various interrogatories, the Court notes that Rule 33(d), Fed. R. Civ. P., gives the answering party the option of responding to an

---

[2]Local Rule 26.1.G, S.D. Fla., provides, in relevant part, "When an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."

interrogatory as follows:

> Where the answer to an interrogatory may be derived or ascertained from the business records, including electronically stored information, of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts, or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Thus, provided that referring Plaintiff to documents to answer the posed interrogatories does not impose upon Plaintiff any greater burden than Defendant would experience in locating the same information, Rule 33(d) makes it permissible to respond to an interrogatory by making documents containing the requisite information – including summaries, compilations, and abstracts – available to the interrogating party for review.

Because, in this case, it appears from the record as though Plaintiff has not yet had the opportunity to review the documents to which Defendant has referred in its responses to the Discovery Requests, the Court has no way to determine the sufficiency of Defendant's responses at this point. Accordingly, the Court hereby **DENIES** Plaintiff's Motion to Compel **without prejudice to renew** after a thorough review of the documents made available by Defendant and after conferring with Defendant, should Plaintiff conclude after engaging in such measures that Defendant's

discovery responses remain inadequate.

    **DONE AND ORDERED** this 26th day of November, 2007.

                                                                             ROBIN S. ROSENBAUM
                                                                             UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William P. Dimitrouleas
        Counsel of Record